**Paul J. NIEMEIR, Plaintiff,**

v.

**WATERGATE SPECIAL PROSECUTION FORCE, and Charles F. C. Ruff, Special Prosecutor, Watergate Special Prosecution Force, Defendants.**

**No. 76 C 1244.**

United States District Court,
N. D. Illinois, E. D.

Sept. 21, 1976.

Rudolph J. A. de Seife, Glen Ellyn, Ill., for plaintiff.

Jeffrey Axelrad and Bruce E. Titus, Attys., Dept. of Justice, Washington, D.C., and Samuel K. Skinner, U. S. Atty., N. D. Illinois, and Floyd Babbitt, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

PERRY, Senior District Judge.

This cause comes on upon plaintiff's motion for summary judgment, filed June 16, 1976, and defendants' motion for summary judgment, filed July 1, 1976.

The court has read and considered said motions and the memoranda of the respective parties in support thereof and in opposition thereto and finds that the document which has been requested by plaintiff and which is the subject of this action, is a pre-decisional intra-agency legal memorandum falling within the provisions of 5 U.S.C. § 552(b)(5) and therefore exempt from the compelled disclosure provisions of the Freedom of Information Act, as amended. *See N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *Montrose Chemical Corp. v. Train,* 160 U.S.App.D.C. 270, 491 F.2d 63 (1974). Having found that the requested document is exempt from disclosure, this court concludes that it has no jurisdiction to enjoin defendants from withholding said document or,—as plaintiff has requested in the prayer of his complaint,— to provide plaintiff with a copy of said document. Accordingly, the court is of the opinion that this action must be dismissed for want of jurisdiction.

Having concluded that this action must be dismissed for want of jurisdiction, it is not necessary to reach the issue of whether defendant Charles F. C. Ruff is a proper party to this action.

WHEREFORE, it is ORDERED that plaintiff's motion for summary judgment be and it is hereby DENIED; that defendants' motion for summary judgment be and is hereby treated as a motion to dismiss and that said motion to dismiss be and it hereby is GRANTED; and that this action be and it is hereby DISMISSED.